J-S46041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES HENRY GREEN | : | |
| Appellant | : | No. 1848 MDA 2016 |

Appeal from the PCRA Order October 7, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002414-2003

BEFORE: BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 07, 2017**

Appellant James Henry Green appeals *pro se* the Order entered in the Court of Common Pleas of Berks County on October 7, 2016, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA). Because this petition is untimely without an applicable exception, we affirm.

Following a jury trial, on March 11, 2004, Appellant was convicted of third-degree murder, firearms not to be carried without a license, possessing an instrument of crime and recklessly endangering another person.[1] On April 1, 2004, Appellant was sentenced to an aggregate term of twenty-

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 2502(c), 6106, 907 and 2705, respectively.

seven (27) years to fifty-four (54) years in prison. Appellant filed neither a timely post-sentence motion nor a timely notice of direct appeal.

On April 22, 2004, Appellant filed an untimely Motion to Modify and Reduce Sentence, *pro se*, and the trial court treated the filing as a timely, first PCRA petition. New counsel was appointed and later filed a motion to withdraw. The court granted counsel's motion to withdraw, and following its filing of a notice of its intent to dismiss Appellant's Motion pursuant to Pa.R.Crim.P. 907(1), the court dismissed the same on September 19, 2005. This Court denied Appellant's appeal on December 7, 2006, and the Pennsylvania Supreme Court denied allowance of appeal on May 15, 2007. Appellant filed numerous additional post-conviction petitions, each of which was unsuccessful.

Appellant filed the instant PCRA petition, his fifth, on February 16, 2016. Therein, Appellant claimed he was serving an illegal sentence because the trial court sentenced him "beyond the aggravated range." On June 17, 2016, the PCRA court issued its notice of its intent to dismiss the petition as untimely. Appellant filed a response to the PCRA court's notice on July 18, 2016, wherein he asserted he was entitled to relief under the United States Supreme Court's decision in **Alleyne v. United States**,

___U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)[2] as that decision announced a "new substantive rule of Constitutional law that applies retroactively to Petitioner's case" in light of the Court's subsequent decision in **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[3]

The PCRA court dismissed the instant petition on October 7, 2016. Appellant filed his Notice of Appeal on November 3, 2016.[4]

_____

[2] In **Alleyne**, the United States Supreme Court held that any fact which increases a mandatory minimum sentence is an "element" of the crime, and not a "sentencing factor," and, thus, must be submitted to the jury pursuant to the Sixth Amendment to the United States Constitution.

[3] In **Montgomery**, the United States Supreme Court declared its prior holding in **Miller v. Alabama**, ___ U.S. ____, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012), wherein the Court had held that mandatory sentences of life imprisonment without parole are unconstitutional for juvenile offenders, constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. **Montgomery v. Louisiana**, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___.

[4] In its Memorandum Opinion entered on January 20, 2017, the PCRA court determined that because the PCRA petition had been denied on October 7, 2016, and Appellant did not file his notice of appeal until November 9, 2016, more than thirty days later, the appeal was untimely filed and, therefore, should be denied. Notwithstanding, Appellant dated his Notice of Appeal November 3, 2016, and the certified docket entries list the appeal as having been dated November 3, 2016, and filed on November 9, 2016. In addition, the certified record contains a letter dated November 3, 2016, addressed to the Clerk of Courts, along with a certificate of service bearing that same date. These documents suggest Appellant's Notice of Appeal was placed in the hands of prison authorities on November 3, 2016; therefore, we deem this appeal to be timely filed pursuant to the Prisoner Mailbox Rule. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, ___ Pa. ____, 46 A.3d 715 (2012)(*pro se* prisoner's appeal deemed
*(Footnote Continued Next Page)*

In his brief, Appellant presents the following Statement of the Question Involved:

> Whether the jury-trial guarantee in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), applies retroactively to Appellant's case and renders his sentence unconstitutional.

Brief for Appellant at 4.

This Court recently reiterated our well-settled standard of review following the denial of PCRA relief:

> When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. _____, _____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).
>
> At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).
>
> All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

*(Footnote Continued)* _____

filed on the date prisoner deposits appeal with prison authorities or places it in prison mailbox under prisoner mailbox rule where appeal is received after deadline for filing an appeal).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

> **(b) Time for filing petition.--**
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."
> 42 Pa.C.S.A. § 9545(b)(2).

**Commonwealth v. Woods**, ___ A.3d ____, 2017 WL 2536525, at *4 (Pa.Super. June 12, 2017).

As stated previously, Appellant was sentenced on April 1, 2004, and he did not file a direct appeal. Thus, Appellant's sentence became final thirty days thereafter, on May 3, 2004.[5] **See** Pa.R.A.P. 903(a)(stating notice of

---

[5] May 1, 2004, fell on a Saturday. Accordingly, Appellant had until Monday, May 3, 2004, to file his notice of appeal. **See** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super. 2004).
*(Footnote Continued Next Page)*

- 5 -

appeal shall be filed within thirty days of the order from the appeal is taken); 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Pursuant to 42 Pa.C.S.A. § 9545, a PCRA petition must be filed within one year of the date the judgment becomes final, which would have been May 3, 2005. Since Appellant did not file the instant petition until February 16, 2016, almost eleven years later, it is patently untimely and the burden fell upon Appellant to plead and prove one of the enumerated exceptions to the one-year time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant attempts to invoke 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly recognized constitutional right" exception to the PCRA time-bar. Appellant contends that ***Alleyne***, ***supra*** and ***Montgomery***, ***supra***, rendered his sentence unconstitutional because "[t]he trial court imposed sentences beyond the aggravated range based not on the jury's verdict, but on the judge's own findings of fact that it was an intentional killing, caused by the use of a deadly weapon upon a vital part of the body, and that it was premeditated in that it took time—facts the jury found lacking in this case

*(Footnote Continued)* ───────────────

- 6 -

and found Appellant not guilty of." Brief for Appellant at 10. Appellant further reasons that in light of **Montgomery**, the **Alleyne** decision applies retroactively, qualifies as an exception to the PCRA time-bar, and dictates that "any sentence in or beyond the aggravated range of the Sentencing Guidelines based upon fact-finding beyond the scope of the jury verdict violates the Sixth Amendment right to a jury trial." Brief for Appellant at 11-12.

Appellant's analysis ignores the Pennsylvania Supreme Court's decision in **Commonwealth v. Washington**, ___ Pa. ____, 142 A.3d 810 (2016), wherein the Court addressed a situation in which the defendant raised an **Alleyne** claim in a timely PCRA petition, but his judgment of sentence had become final prior to the **Alleyne** decision. The **Washington** Court held that "**Alleyne** does not apply retroactively to cases pending on collateral review, and that [a]ppellant's judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Id**. at ___, 142 A.3d at 815. In addition, **Alleyne** was decided in 2013, and Appellant did not file the instant PCRA petition until February 16, 2016. Accordingly, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

Moreover, **Alleyne** pertained to factors that a trial court must apply if certain conditions are met and which increase the mandatory minimum sentence and held these factors to be elements of the offense that must be

submitted to the jury. As such, the parameters of **Alleyne** are limited to the imposition of mandatory minimum sentences. However, the instant matter does not involve such a situation, for while a trial court must consider the ranges set forth in the Sentencing Guidelines, the Guidelines are not binding upon it. Indeed, it is well-settled that the Sentencing Guidelines ultimately are advisory only. **Commonwealth v. Griffin**, 804 A.2d 1, 8 (Pa.Super. 2002).[6] Thus, Appellant is not entitled to relief under **Alleyne**.

To the extent Appellant attempts to evoke the newly-recognized constitutional right exception when averring his sentence also is illegal in light of **Montgomery**, and **Miller**, **supra**, it is true that the United States Supreme Court in **Montgomery** declared its prior holding in **Miller** constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. **Montgomery v. Louisiana**, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___. In addition, Appellant filed the instant PCRA petition within sixty days of the Supreme Court's decision in **Montgomery**, and the High Court held that the new rule of law announced in **Miller** applies

---

[6] The trial court's reasoning for its sentence is found on pages 27-31 of the notes of testimony of the sentencing hearing at which time the court specifically articulated the factors it had considered in formulating Appellant's sentence. **See** N.T. Sentencing Hearing, 4/1/04, at 27-31.

retroactively to cases on collateral review.[7] ***See Montgomery***, ___ U.S. at

____, 136 S.Ct. at 732, 193 L.Ed.2d at ___. Thus, if the right announced in

***Miller*** applies to Appellant's claim, the instant PCRA petition is timely. ***See***

***Woods***, ***supra*** at * 5, (citing ***Commonwealth v. Abdul–Salaam,*** 571 Pa.

219, 227, 812 A.2d 497, 501-02 (2002) (stating ruling regarding retroactive

application of new constitutional right must be made prior to filing of PCRA

petition)); ***see also Commonwealth v. Porter***, 613 Pa. 510, 526, 35 A.3d

4, 13-14 (2012) (provisions in 42 Pa.C.S.A. § 9545(b)(1), (2) relating to

PCRA's time-bar exceptions are necessarily claim-specific given sixty-day

filing restriction and fact that the statute addresses "exceptional" claims).

However, since Appellant was over eighteen years of age when he

committed the murder and did not receive a mandatory sentence of life

imprisonment without the possibility of parole, ***Miller*** does not apply to his

case. Therefore, despite Appellant's assertions to the contrary, the right

recognized by ***Miller*** and held to be retroactive in ***Montgomery*** does not

provide Appellant a basis for relief from the PCRA time-bar. ***See Miller***, ___

U.S. at ____, 132 S. Ct. at 2469, ___ L.Ed.2d at ____ (holding "the Eighth

---

[7] The United States Supreme Court decided ***Montgomery*** on January 25, 2016, and Appellant filed the current PCRA petition on February 16, 2016. In ***Commonwealth v. Secreti***, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which ***Montgomery*** had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2).

Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") ***See also Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa.Super. 2013) (deciding ***Miller*** is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed) ***see also Woods***, ***supra***, at *6.

In light of the foregoing, we find Appellant's fifth PCRA petition is untimely and that he has failed to plead and prove an exception to the PCRA time-bar; therefore, the PCRA court lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it. [8]

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017

---

[8] Although the PCRA court based its decision on an erroneous finding that Appellant had not timely filed his notice of appeal, this Court is not bound by the rationale of the lower court, and we may affirm it on any basis. ***Commonwealth v. Williams***, 73 A.3d 609, 617 (Pa.Super. 2013).